UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOSEPH EDWARD MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 6:07-CV-401-KKC |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| ARVIL CHAPMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 19, 2007, Petitioner Joseph Edward Morris, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus.[1] (D.E. 1). Respondent Arvil Chapman, Warden of the Marion Adjustment Center, filed an answer to the petition on February 1, 2008. (D.E. 8), to which Petitioner has filed a reply (D.E. 16). Pursuant to local practice, this matter was referred to the undersigned for a recommended disposition. 28 U.S.C. § 636(b). For the reasons that follow, Petitioner's claims are barred by the applicable statute of limitations. Therefore, the Court **RECOMMENDS** that Petitioner's § 2254 petition be **DISMISSED** as time barred, and further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

---

[1] Although the petition was not docketed by the district court clerk until November 26, 2007, Petitioner declared under penalty of perjury that he placed the petition in the prison's mailing system on November 19, 2007. (D.E. 1 at 16). Thus, the Court will treat the petition as having been filed on November 19, 2007. *See Marshall v. Tyszkiewicz*, 221 F.3d 1335 (table), 2000 WL 924483, at \*1 (6th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)); *cf. Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

# I. BACKGROUND

On November 1, 1984, a Harlan County grand jury returned a three-count indictment charging Petitioner with one count of capital murder and two counts of robbery. (Resp't App.[2] [hereinafter App.] 1-2). Two trials were conducted. The first ended in a mistrial. *Morris v. Commonwealth*, No. 2006-CA-001800-MR, 2007 WL 1794910, at *1 (Ky. Ct. App. Oct. 24, 2007) [hereinafter *Morris III*]. The second, however, resulted in a guilty verdict on all three counts. (App. 3-5). On January 10, 1986, the trial judge sentenced Petitioner to consecutive 20-year terms of imprisonment on the robbery counts and sentenced Petitioner to death on the capital murder count in accordance with the jury's recommendation. (*Id.* at 3-8). Petitioner's conviction was reversed by the Kentucky Supreme Court on direct review. *See Morris v. Commonwealth*, 766 S.W.2d 58, 62 (Ky. 1989) [hereinafter *Morris I*].

On remand, rather than going to trial for a third time, the parties negotiated a plea agreement pursuant to which Petitioner would plead guilty to all counts in exchange for a recommended sentence by the Commonwealth. (App. 17-18). On February 16, 1990, Petitioner entered a plea of guilty (*Id.* at 19-20), and was sentenced by the trial court to a maximum term of imprisonment of life without the benefit of parole for 25 years in accordance with the Commonwealth's recommendation. (*Id.* at 21-23). Petitioner did not appeal his judgment of conviction. Rather, Movant waited more than six years to file a motion for post-conviction relief pursuant Rule 11.42 of the Kentucky Rules of

---

[2] Respondent's "Appendix of Relevant State Court Proceedings" can be found in the record at Docket Entries 8-2 and 8-3.

Criminal Procedure. *Morris v. Commonwealth*, No. 1998-CA-000952-MR, slip op. at 2 (Ky. Ct. App. May 14, 1999) [hereinafter *Morris II*] (indicating that Petitioner filed his first Rule 11.42 motion on September 9, 1996)). Petitioner filed an amended Rule 11.42 motion[3] on July 8, 1997, which was subsequently denied by the Harlan Circuit Court on March 25, 1998. *Id.* On April 6, 1998, Petitioner filed a notice of appeal, and on May 14, 1999, the Kentucky Court of Appeals affirmed the order of the Harlan Circuit Court. *Id.* at 6. Petitioner did not seek discretionary review before the Kentucky Supreme Court.

Petitioner filed a second Rule 11.42 motion on May 31, 2006. *Morris III*, 2007 WL 1794910, at *1. That motion was summarily denied by the Harlan Circuit Court on June 9, 2006, as untimely. (App. 50). That order was affirmed by the Kentucky Court of Appeals on June 22, 2007. *Morris III*, 2007 WL 1794910, at *3. On October 24, 2007, the Kentucky Supreme Court denied a motion for discretionary review. This petition followed on November 19, 2007, wherein Petitioner raises one ground for relief; namely, that "[t]he state failed to meet it's (sic) burden of proof concerning absence of Extreme Emotional Disturbance at petitioner's first trial." (D.E. 1 at 6).

---

[3] It is the Respondent that characterizes Petitioner's July 8, 1997 motion as an "amended motion." (*See* D.E. 8 at 3). However, according to the Kentucky Court of Appeals, the Harlan Circuit Court allowed Petitioner to withdraw his initial Rule 11.42 motion at Petitioner's request on June 9, 1997, and allowed Petitioner to file a subsequent motion on July 8, 1997. *Morris II*, slip op. at 2. This results in a gap of 29 days that Petitioner, during the September 9, 1996 to March 25, 1998 time period, did not have a Rule 11.42 motion pending. Although the limitations period arguably was not tolled during that 29-day period, Respondent does not make that argument here, and in any event, tolling the limitations period during that gap does not result in a petition that would otherwise be timely. *See infra.*

## II. DISCUSSION

In his answer, Respondent raises the statute of limitations as an affirmative defense. He argues that Petitioner's § 2254 petition is time barred pursuant to the applicable limitation period. (D.E. 8 at 1-2). The Court agrees.

### A. Absent Tolling, Petitioner's Claims would be Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects § 2254 petitions to a one-year limitation period.[4] 28 U.S.C. § 2244(d). The statute provides that the limitation period begins to run from the date a petitioner's judgment becomes final, or from one of three other triggering events not applicable here. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment of conviction becomes final for the purposes of § 2244(d)(1)(A) when either direct review concludes or the time for seeking such review expires. *See Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006) ("A person in custody pursuant to the judgment of a state court must file his application for a writ of habeas corpus within one year of the date on which the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review."); *Peyton v. Brigano,* 256 F.3d 405 (6th Cir. 2001). A prisoner whose conviction becomes final prior to AEDPA's effective date "ha[s] one additional year after the Act's effective date to file a habeas petition." *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

---

[4] The provisions of AEDPA apply to § 2254 petitions filed after the Act's April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Here, Petitioner did not file his petition until November 19, 2007. Thus AEDPA, and its limitation period, is applicable to these proceedings. *See id.*

4

Here, Petitioner's judgment of conviction was entered on February 16, 1990. (App. 21-23). Pursuant to Rule 12.04 of the Kentucky Rules of Criminal Procedure, Petitioner had 10 days thereafter in order to timely appeal from that judgment. *See* Ky. R. Crim. P. 12.04 (1990) ("The time within which an appeal may be taken shall be ten (10) days after the date of entry of the judgment or order from which it is taken . . . ."). Having failed to do so, the time for seeking direct review expired—and therefore Petitioner's judgment of conviction became final for purposes of AEDPA—on February 26, 1990. *See Motley v. Chandler*, No. 6:06 351 DCR, 2006 WL 2734456, at *4 (E.D. Ky. Sept. 25, 2006) ("'Direct review' of [the petitioner's] conviction would have concluded when the time to appeal expired . . . after his guilty plea was entered in 1987."). As Petitioner's conviction became final prior to AEDPA's effective date, the statute of limitations began to run on April 24, 1996, and expired one year later on April 24, 1997. *Cook*, 395 F.3d at 519. Therefore, absent tolling, this petition, which was not filed until November 19, 2007, would be untimely.

**B. Petitioner is Entitled To 1,008 Days of Statutory Tolling**

Under § 2244, however, the limitation period is subject to statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Respondent does not argue that the Rule 11.42 motion filed by Petitioner on September 9, 1996, was anything other than a "properly filed application for State post-conviction . . . review." Thus, the statute of limitations remained tolled during the pendency of that Rule 11.42 motion which extended until the opinion of the Kentucky

5

Court of Appeals became final on June 14, 1999.[5] *See, e.g.*, *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (noting that until an application for post-conviction relief "has achieved *final* resolution through the State's post-conviction procedures, by definition it remains 'pending.'") (emphasis added).

For two reasons, Petitioner is not entitled to statutory tolling for the time his second Rule 11.42 motion, filed on May 31, 2006, was pending in state court. First, it was filed well beyond the expiration of the § 2244(d)(1) limitation period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quotation omitted). Second, having been filed beyond the three-year limitation period for filing such motions under Kentucky law, it was not a "properly filed application." *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction relief] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Based upon the foregoing, Petitioner is entitled to 1,008 days of statutory tolling— the number of days between September 9, 1996, and June 14, 1999. Nevertheless, this tolling period does not render Petitioner's § 2254 petition timely. Rather than being required to have filed his Petition on or before April 24, 1997, he was required to have

---

[5] Petitioner did not seek discretionary review before the Kentucky Supreme Court. Kentucky law provides that when a party does not seek discretionary review before the Kentucky Supreme Court of an appellate court's decision, the appellate court's decision becomes final on the 31st day after the date on which the opinion is rendered. Ky. R. Civ. P. 76.30(2)(a) (1999). Here, the opinion of the Kentucky Court of Appeals was rendered on May 14, 1999. (App. 41).

filed his petition 1,008 days thereafter; i.e., on or before January 27, 2000, absent any other tolling.

### C. Petitioner is Not Entitled to Equitable Tolling

Because § 2244(d)(1)'s one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). The doctrine, however, applies "sparingly," and the movant "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. ----, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To this end, the Sixth Circuit considers the following five "*Andrews* factors" to assess whether equitable tolling applies: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988)). These *Andrews* factors are not necessarily comprehensive, nor is each factor relevant in every case. *See Vroman*, 346 F.3d at 605 (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)). The Sixth Circuit has also emphasized that "[a]bsence of prejudice is a factor to be considered only after a factor

that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In short, the bar to equitable tolling is a high one. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner does not rely upon any of the *Andrews* factors to support his claim of equitable tolling. In fact, Petitioner simply provides no explanation for the significant tardiness of his petition. Instead, Petitioner's sole argument in support of equitable tolling is that he is actually innocent. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit recognized an actual innocence ground for equitably tolling AEDPA's statute of limitations. "To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Significantly, "'actual innocence means *factual* innocence, not mere legal insufficiency.'" *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis added). Furthermore, this exception is "rare," is to be applied only in the "extraordinary case," and only where the petitioner supports "'his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324).

Petitioner's claim of "actual innocence" falls far short of the type of "extraordinary case" that would warrant equitable tolling as described in *Souter*. Here,

8

Petitioner does not attempt to support his allegations with any new, reliable evidence whatsoever. He simply points to what he believes to be a deficiency in the evidence presented by the Commonwealth at his retrial. In particular, he contends that the Commonwealth failed to prove an element of the offense (the absence of extreme emotional disturbance) beyond a reasonable doubt. (D.E. 16 at 4). According to Petitioner, where the state has failed to meet its burden of proof during an earlier trial, a subsequent conviction for the same crime, even one pursuant to a guilty plea, violates the Double Jeopardy Clause. (*Id.*). Thus, Petitioner contends he is actually innocent of the crime for which he was convicted by "operation of the Double Jeopardy Clause." (*Id.*).

The issues identified by Petitioner in his reply brief potentially deal with matters of *legal* innocence rather than *factual* innocence. In *Selsor v. Kaisesr*, 22 F.3d 1029 (10th Cir. 1994), the § 2254 petitioner had been convicted of both felony murder and the underlying felony—a posture that all parties agreed violated the Double Jeopardy Clause. *Selsor*, 22 F.3d at 1034. Unfortunately for the petitioner, he admittedly defaulted the claim by not raising it in state court proceedings. *Id.* Attempting to excuse the procedural default, the petitioner argued that his double jeopardy claim was one of actual innocence. *Id.* The Tenth Circuit disagreed and held that prevailing "on the merits of his double jeopardy claim . . . would not show factual innocence; rather, '[d]oing so would show only legal innocence of part of his conviction.'" *Id.* at 1035 (quoting *Steele v. Young*, 11 F.3d 1518, 1522 n.8 (10th Cir. 1993)). "[A] double jeopardy claim that is not supplemented by a claim of factual innocence" is insufficient. *Id.*

Moreover, Petitioner's argument that the Commonwealth failed to prove the lack of extreme emotional disturbance beyond a reasonable doubt goes to the sufficiency of the evidence, rather than Petitioner's factual innocence. *See, e.g.*, *Sinclair v. United States*, No. 4:06-cr-01321-RBH, 2011 WL 573447, at *4 (D.S.C. Feb. 15, 2011) ("Here, Petitioner's arguments do not come close to meeting this demanding standard. It is important to note, Petitioner does not cite to any 'new evidence,' but rather argues that the prosecution simply failed to prove at trial the essential elements of the crime charged. Petitioner's arguments are insufficient to establish 'actual innocence.'"); *Alwin v. Barrow*, No. CV 107-089, 2009 WL 528266, at *2 (S.D. Ga. Mar. 2, 2009) ("where a petitioner claims that the government has failed to prove certain facts to a jury, such a claim relates to legal innocence and is not sufficient to support a claim of actual innocence."); *Smith v. Warden, Lebanon Corr. Inst.*, No. 3:06-cv-326, 2007 WL 2080466, at *4 (S.D. Ohio June 13, 2007) (to establish actual innocence, the petitioner "must himself come forward with new evidence of innocence; he cannot rely on what he claims the State did not prove.").

Petitioner has simply not made a credible showing of actual innocence or any other basis for equitable tolling.

### D. Petition is Time Barred

Having failed to show that he is entitled to any more than 1,008 days of statutory tolling, Petitioner was required to have filed his § 2254 petition on or before January 27, 2000. Having failed to do so, the petition is untimely.

10

## III. CERTIFICATE OF APPEALABILITY

Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the petition was dismissed on procedural grounds—that is, pursuant to the applicable statute of limitations. No Certificate of Appealability should issue because no jurist of reason would debate whether the petition, filed more than seven years after the expiration of the limitations period, stated a valid claim for relief.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DISMISS** the Petition for a writ of habeas corpus under § 2254, and **DENY** the issuance of a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District

Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 12th day of May, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge